**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LEAH ANN WARRIOR, a/k/a Annie
Warrior,

      Defendant-Appellant.

No. 09-6057
(D.C. No. 5:08-CR-00226-M-1)
(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**GORSUCH** Circuit Judge.

---

On September 10, 2008, a two-count indictment was filed against Leah Ann

Warrior ("defendant") in the United States District Court for the Western District of

Oklahoma. Defendant, an Indian, was charged in count 1 with knowingly assaulting

Phillip Lee Burgess, while within Indian country, causing him serious bodily injury in

violation of 18 U.S.C. §113(a)(6) and 18 U.S.C. §1153, and in count 2 with knowingly

assaulting Phillip Lee Burgess, while within Indian country, with a dangerous weapon,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

without just cause or excuse, in violation of 18 U.S.C. §113(a)(3) and 18 U.S.C. §1153. Pursuant to a plea agreement, defendant pled guilty to count 2 on November 5, 2008. On March 9, 2009, defendant was sentenced to 43 months imprisonment, followed by three years supervised release, and ordered to pay restitution in the amount of $170,244.00 along with a $100.00 special assessment. Count 1 was dismissed following sentencing.

According to the Fort Oakland Police Department, defendant and a friend were "hanging out" in the driveway of a residence, when two girls in a car drove by and shouted obscenities at them. Defendant immediately got into her vehicle and followed them to another residence where she observed the two girls, together with an unknown male, standing in the yard. As defendant passed them, the three yelled at her again. Defendant turned her car around, swerved towards the male at the edge of the driveway and hit him with the car while traveling approximately 25 or 30 miles per hour. Defendant later stated that it was her intent to "simply knock him down", so she could then get out of her car and hit him with a "cheap shot" while he was on the ground. After she realized how hard she hit the male with her vehicle, defendant quickly drove off and hid her car from police at another residence.

The victim was Phillip Lee Burgess, a 19 year-old male with hemophilia. A Tonkawa Municipal ambulance was called to the scene to treat Mr. Burgess. After being examined, Mr. Burgess declined further treatment. Thirty-three hours later, i.e. sometime the next day, Mr. Burgess went to the Ponca City Hospital complaining of extreme pain. According to the presentence report, Mr. Burgess was throwing up, had bleeding in his

brain and had blood in his urine. Mr. Burgess also had a broken wrist. Mr. Burgess was quickly transported to Oklahoma University Medical Center in Oklahoma City, some 100 miles away. After nine days in the hospital, Mr. Burgess was released. His medical bills were $149,182.85 at Oklahoma University Medical Center, and $21,061.15 at Ponca City Medical Center.

Based on the 2008 United States Sentencing Commission Guidelines Manual §2A2.2 for violation of 18 U.S.C. §§113(a)(3) and 1153, the presentence report set defendant's base offense level at 14. For using a dangerous weapon in the assault on Mr. Burgess, namely her automobile, a 4-level increase was added pursuant to U.S.S.G. §2A2.2(b)(2). Also, because the injury inflicted was a serious injury and if left untreated, "he could have had the substantial risk of death", a 7-level increase in defendant's offense level was recommended by the presentence report pursuant to U.S.S.G. §2A2.2(b)(3)(C), raising defendant's offense level to 25. "However, the cumulative adjustments from application of subdivisions (2) and (3) shall not exceed **10** levels." U.S.S.G. §2A2.2(b)(3)(E). Therefore, since subdivisions (2) and (3) added together equal 11, the presentence report reduced the offense level to 24. Additionally, the offense level was then reduced by 3 for acceptance of responsibility, leaving the total offense level recommended in the presentence report at 21. Warrior's criminal history category was I. With an offense level of 21, and a criminal history category of I, the guideline range is 37-46 months. The statutory maximum term of imprisonment is 10 years. 18 U.S.C. §113(a)(3).

At sentencing, the district court found that "the degree of injury is somewhere between serious bodily injury and permanent, or life-threatening bodily injury." Under U.S.S.G. §2A2.2(b)(3)(E), "if the degree of injury is between that specified in subdivisions (B) [serious bodily injury] and (C) [permanent or life-threatening bodily injury], add **6** levels." The district court then went on to state that when a base offense level of 14 is raised by 4 levels for using a deadly weapon to cause bodily injury and then raised 6 more levels because of the severity of the injuries, "you get to a level 10, which is permissible under the cumulative adjustment provision of that section of the guideline." (14-levels plus 4 plus 10 equals a 24-level increase). After reducing the adjusted base offense level by 3 levels for acceptance of responsibility, defendant's adjusted offense level is 21, which when coupled with a criminal history category of I, results with a guideline range of 37-46 months. The district court then sentenced Warrior to 43 months imprisonment and ordered her to make restitution in the amount of $170,244 to Phillip Burgess.

Defendant argues on appeal that pursuant to U.S.S.G. §2A2.2(b)(A), mere bodily injury should have been found, requiring only a 3-level increase in defendant's offense level and that the district court committed error in finding defendant caused injury to the victim that was between serious bodily injury, a 5-level increase in the offense level, and life-threatening bodily injury, a 7-level increase in the offense level. The resulting guideline sentence with the 3-level increase for bodily injury would have been only 27-33 months. In other words, the defendant's position on appeal is that the district court erred

when it did not find that the injury sustained by the victim was simply bodily injury and nothing more. We disagree.

The government need only prove a sentencing enhancement by a preponderance of the evidence. *United States v. Gambino-Zavala*, 539 F.3d 1221, 1228 (10th Cir. 2008); *United States v. Tindall*, 519 F.3rd 1057, 1063 (10th Cir. 2008); *United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007). We review factual findings made by the district court at sentencing for clear error. *United States v. Tindall*, 519 F.3d at1064. Also in this general regard, "we shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." *United States v. Talamante*, 981 F.2d 1153, 1158 (10th Cir. 1992) (citing 18 U.S.C. §3742(e)). A finding of fact made by the district court is clearly erroneous only "if it is without factual support in the record or if the appellate court, after reviewing all of the evidence, is left with a definite and firm conviction that a mistake has been made." *Talamante*, 981 F.2d at 1158.

On the basis of the present record, in our view the district court was not compelled to hold that defendant's base offense level should be raised by only 3 levels. The present record does not show that the district court committed "clear error" in rejecting defendant's contention. In this general connection, we note that the presentence report contained a detailed statement by the F.B.I. of the results of its examination of the various hospitals' records concerning the victim's injuries. At sentencing, defendant did call a doctor who testified on behalf of defendant, in an effort to minimize the extent of the

injuries sustained when the victim was intentionally hit by the automobile driven by the defendant. However, such was not dispositive on the issue as to the degree of injury inflicted on the victim by defendant when she deliberately struck Mr. Burgess with her automobile. In sum, the district court did not err in refusing to raise defendant's base offense level by only 3 levels based on a finding of mere bodily injury.

Judgment affirmed.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

No. 09-6057, *United States v. Warrior*

**MURPHY**, Circuit Judge, concurring:

I join the majority opinion and specifically agree the district court did not commit clear error in concluding the victim's injuries rose to the level between serious bodily injury and life threatening injury. For clarification, however, I note, in addition, that the record leaves no doubt Warrior's assaultive conduct was the proximate cause of the victim's injuries. Thus, it is unnecessary to address whether common law principles of proximate causation and reasonable foreseeability are at all relevant to the sentencing enhancements set out in U.S.S.G. § 2A2.2(b)(3). It is likewise unnecessary to determine whether it is error for a district court to rely solely on the manner in which an assault is perpetrated in determining the extent of a victim's injuries. *See United States v. Spinelli*, 352 F.3d 48, 57 (2d Cir. 2003) (holding nature of assault (drive by shooting), standing alone, could not convert otherwise minimal injuries to life threatening bodily injury). The record in this case contains abundant evidence indicating the victim suffered near life threatening injuries. Furthermore, the district court noted the egregious nature of Warrior's assaultive conduct only as an alternative afterthought, having already factually resolved the extent of the victim's injuries. With these additional observations, I fully join the majority opinion.